# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JEFFREY STEHR,<br><br>Defendant. | No. CR99-4050-MWB<br><br>ORDER REGARDING DEFENDANT'S *PRO SE* MOTION TO MODIFY SENTENCE |

## I.  INTRODUCTION AND BACKGROUND

This case is before me on defendant Jeffrey Stehr's *pro se* motion to modify sentence (docket no. 54). In his motion, Stehr seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). He requests the reduction on the ground that the Bureau of Prisons ("BOP") is providing him with inadequate health care and treatment for his medical conditions.[1] The prosecution has filed a timely response to Stehr's motion in which it argues that § 3582(c)(2) does not provide relief for Stehr's request. Alternatively, the prosecution argues that § 3582(c)(2) is inapplicable, here, because Stehr's sentence was imposed upon his violation of supervised release. The prosecution contends that Stehr's medical concerns should be addressed via the BOP's administrative procedures. Stehr has not filed a reply brief.

---

[1] Stehr concedes in his brief that he has not utilized any portion of the BOP's four-part administrative review procedure to address his allegedly inferior medical treatment. *See* 28 C.F.R. § 542.10–19. As Stehr has not completed the BOP administrative remedy process, his alleged denial of appropriate medical treatment is premature.

On September 30, 1999, an Information was filed against Stehr charging him with conspiring to distribute 1000 grams or more methamphetamine which contained at least 100 grams or more of pure methamphetamine, within 1000 feet of a public school or playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Stehr pleaded guilty to the charged offense on November 24, 1999, and, on February 16, 2000, I sentenced him to 111 months imprisonment and 10 years of supervised release. Stehr began his supervised release on March 6, 2008. Stehr's supervision was modified four times: on May 8, 2008, August 25, 2010, September 22, 2011, and September 4, 2014. On September 19, 2014, a petition to revoke Stehr's supervision was filed based on Stehr's shoplifting two steaks on September 17, 2014. On September 29, 2014, a hearing was held regarding the September 19, 2014, petition to revoke Stehr's supervision. At the hearing, Stehr admitted to the charged violation of supervised release. Accordingly, I found Stehr to have violated the terms of his supervised release, revoked his supervised release, and sentenced him to 13 months imprisonment, with no supervised release to follow. Based on Stehr's serious medical conditions, I recommended to the BOP that he be placed in a federal medical center. Stehr is currently incarcerated at FMC Rochester, Rochester, Minnesota.

## II.    LEGAL ANALYSIS

As noted above, Stehr seeks to have his sentence reduced, pursuant to 18 U.S.C. § 3582(c)(2), in order to permit him to receive adequate medical care. In relevant part, 18 U.S.C. § 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> . . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010); *see United States v. Benson*, 715 F.3d 705, (8th Cir. 2013) (noting that "§ 3582(c)(2) does not authorize a 'plenary resentencing proceeding,' but permits 'only a limited adjustment to an otherwise final sentence.'") (quoting *Dillon*, 560 U.S. at 826); s*ee also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Thus, under the plain language of § 3582(c)(2), my authority to modify a defendant's sentence is limited to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Stehr has not identified any amendment promulgated by the Sentencing Commission that would lower his sentencing range and, therefore, he is not entitled to a reduction pursuant to § 3582(c)(2). I am not free to ignore the requirements that Congress has established for

3

modification of a criminal sentence. *See United States v. Blackwell*, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[ ] jurisdiction to do so."). Accordingly, Stehr's *pro se* motion to modify sentence is denied.

**IT IS SO ORDERED**.

**DATED** this 26th day of March, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA